UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEAN RAFAEL JOSEPH,

        Petitioner,

v.                                    Case No. 10-14592
                                      Honorable Patrick J. Duggan
ERIC H. HOLDER, JR., Attorney
General, JANET NAPOLITANO,
Secretary of the Department of Homeland
Security, and REBECCA ADDUCI, US
IMMIGRATION AND CUSTOMS
ENFORCEMENT DIRECTOR

        Respondents.
_____/

## OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

On November 18, 2010, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention pending his removal from the United States. Respondents answered the petition on December 30, 2010. For the reasons set forth below, the Court denies the petition.

### Factual and Procedural Background

Petitioner Rafael-Jean Joseph ("Joseph") is a native and citizen of Haiti who arrived in the United States as a stowaway in June 2001. (Doc. 11 Ex. B.) Joseph applied for asylum, which Immigration Judge ("IJ") Marsha K. Nettles denied on August 19, 2005. (*Id*. Ex. C.) IJ Nettles, however, granted Joseph Withholding of Removal under the Convention Against Torture ("CAT"). (*Id*.)

On May 30, 2006, Joseph pleaded guilty to one count of armed robbery in violation of Michigan Compiled Laws § 750.529 in the Circuit Court for Kent County, Michigan.  (*Id.* Ex. D.)  On July 24, 2006, the trial court sentenced Joseph to a term of imprisonment of two to twenty years.  (*Id.* Ex. E.)  Joseph was paroled from prison on December 14, 2009, at which time ICE took him into custody.  (*Id.* Ex. F.)  On or about that date, the government moved to reopen Joseph's immigration case so that it could demonstrate the existence of a ground for terminating his withholding of removal under CAT, i.e., his conviction for a particularly serious crime.

On January 4, 2010, IJ Nettles granted the government's motion.  (Doc. 11 Ex. G.) Following a hearing, on May 5, 2010, IJ Nettles held that the government established by a preponderance of the evidence that Joseph had been convicted of a particularly serious crime rendering him ineligible pursuant to 8 C.F.R. § 1208.24(f) for the prior grant of withholding of removal under CAT.  (*Id.* Ex. H.)  Joseph declined to file for Deferral of Removal.  (*Id.*)  A final order of deportation subsequently was entered on June 8, 2010. (*Id.* Ex. J.)

ICE thereafter conducted a review with respect to Joseph's continuing custody pending removal.  On August 3, 2010, Field Office Director Adduci issued a decision concluding that Joseph would not be released.  (*Id.* Ex. K.)  The following reasons were provided:

> *At his time we will not be able to release you due in part to the following: Based on your criminal conviction, the violent nature of the tickets you received while in MDOC custody and the nature of the tickets/reports you accumulated while in ICE custody you have been deemed a threat to the community.*

(*Id.* (emphasis in original).)  Field Office Director Adduci further explained that if Joseph

was not released or removed by November 1, 2010, jurisdiction over his custody

determination would be transferred to the ICE Headquarters Post Order Unit ("HQPDU")

in Washington, D.C.  (*Id.*)

As indicated earlier, Joseph filed the pending petition for habeas relief on

November 18, 2010.  Thereafter, HQPDU conducted a custody review and, on November

30, 2010, issued a decision continuing Joseph's detention.  (Doc. 11 Ex. A.)  That

decision states, in pertinent part:

> A request for a travel document was submitted to the government of Haiti
> and ICE is currently working with the government of Haiti in securing a
> travel document for your removal from the United States.  There is no
> reason to believe at this time that your removal will not take place within
> the reasonably foreseeable future.

(*Id.*)

## Applicable Law and Analysis

An alien's detention pending execution of a final deportation order is governed by

section 241(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231(a).

Under this section, the Attorney General is provided a ninety-day period to accomplish

the alien's removal from the United States following the entry of a final order of

deportation or removal.  *Id.* § 1231(a)(1)(A)-(B).  During this ninety-day period,

Congress has mandated the alien's detention.  *Id.* § 1231(a)(2).  After the expiration of the

ninety-day removal period, the Attorney General may continue to detain "inadmissible or

criminal aliens":

3

An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

*Id*. § 1231(a)(6).

Joseph's final deportation order was dated June 8, 2010; therefore, his ninety-day removal period expired on September 6, 2010. However Joseph may be detained beyond the ninety-day removal period pursuant to § 1231(a)(6) because he is inadmissible pursuant to 8 U.S.C. § 1182(a)(6)(D) due to his arrival to the United States as a stowaway and because he is removable under 8 U.S.C. § 1227(a)(2) as an aggravated felon, *see* 8 U.S.C. §§  1227(a)(2)(A)(iii), 1101(a)(43)(F); Mich. Comp. Laws §§ 750.529, .530.

In his petition, Joseph contends that because he has been detained for more than six months pending removal, his detention violates the Supreme Court's holding in *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491 (2001), extended to inadmissible aliens in *Clark v. Martinez*, 543 U.S. 371, 125 S. Ct. 716 (2005). In *Zadvydas*, the Supreme Court held that an alien's detention pending removal pursuant to § 1231(a)(6) may not continue indefinitely, but only for "a period reasonably necessary to secure removal." 533 U.S. at 699-701, 121 S. Ct. at 2504-05 . The Court concluded that six months from the entry of a final detention order is a presumptively reasonable period of time for the government to effect removal. *Id*. at 701, 121 S. Ct. at 2505. After six months, however, release is not mandatory. Instead, the alien must provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*.

4

Release still is not mandatory if the government responds "with evidence sufficient to rebut that showing." *Id.* The Supreme Court indicated that "an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

In the present matter, Respondents present sufficient evidence to show that there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future. As of November 30, 2010, the government had submitted a request for a travel document to the government of Haiti and ICE was working with the government of Haiti to secure a travel document for Petitioner's removal from the United States. (Doc. 11 Ex. A.) While further delay in obtaining that document may at some point diminish the likelihood of Petitioner's removal, the Court cannot find that to be the case at this time.

### Conclusion

For the above reasons, the Court concludes that Respondents have not unlawfully detained Petitioner pending execution of the final order for his removal from the United States.

Accordingly,

**IT IS ORDERED**, that Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DENIED**.

Dated: February 11, 2011                    s/PATRICK J. DUGGAN
                                            UNITED STATES DISTRICT JUDGE

Copies to:
Rafael-Jean Joseph, #074010687
Chippewa County Jail
325 Court Street
Sault St. Marie, MI 49783

AUSA Derri T. Thomas